■ BETTY GLUCKIN, Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about February 9, 1988, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed to the extent appealed from, on the law, without costs or disbursements, and the cross motion denied. Judgment, same court and Justice, entered February 26, 1988, dismissing the complaint and awarding costs and disbursements to defendant, unanimously reversed, on the law, without costs or disbursements, and the judgment vacated.

In this action to recover water damage under a homeowner's policy, the defendant insurer was awarded summary judgment on the basis of an affirmative defense that the insured had failed to provide a proper inventory of the damaged property, as required by the policy. Specifically, the motion court found plaintiff's inventory, as submitted, deficient in that it failed to set forth the replacement costs immediately before the loss, minus depreciation. This was error.

Defendant's policy requires an insured to "[m]ake an inventory of the damaged or stolen property." It further provides that such inventory "should describe the property in detail and give its replacement cost immediately before the loss, minus depreciation." Pursuant to the policy provision, plaintiff had her interior decorator, Lloyd Bell, make, for purposes of this claim, an "estimate of cost to repair and replace items in [the] apartment damaged by [the] floods". Bell's eight-page summary, specifying each item of loss or damage and the cost of replacement or repair, was forwarded to defendant with a covering letter from plaintiff's counsel, offering to supply supporting documentation, if requested. No response was ever forthcoming, although settlement negotiations followed. A follow-up letter by counsel similarly evoked no response.

The motion court erred in requiring a type of compliance with the policy's inventory provisions which goes far beyond what the provision itself requires. The requirement to prepare an inventory is preceded by the word "must". In specifying the content of that inventory, i.e., a description of the property in detail and its replacement cost immediately before the loss, minus depreciation, the policy uses the word "should". In construing the policy's inventory requirements, the ordinary purchaser of insurance would quite reasonably conclude from the use of the word "should", rather than "must", that the inclusion of depreciation was desirable, but not indispensable. "[A] contract of insurance, drawn by the insurer, must be read through the eyes of the average man on the street or the average housewife who purchases it." *(Lachs v Fidelity & Cas. Co.,* 306 NY 357, 364, *rearg denied* 306 NY 941; *see, Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 32-33, *affd* 49 NY2d 924.)* Differences between various clauses of a policy "must be assumed to have been intentional under accepted canons of contract construction". *(United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 233.)* Moreover, any doubt as to the meaning of the word "should" must be resolved in plaintiff's favor. *(See, e.g., Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361.)* Finally, we note that, despite repeated requests, defendant never objected to plaintiff's "estimate of cost" or pointed out its deficiencies. Its inaction might well support a waiver of the affirmative defense. *(See, e.g., O'Niel v Buffalo Fire Ins. Co.,* 3 NY 122, 128-129; *accord, Paltrovitch v Phoenix Ins. Co.,* 143 NY 73, 77.)* In any event, the issue of plaintiff's compliance with the inventory requirement, as well as waiver, presents questions of fact for resolution at trial. Concur—Sullivan, J. P., Carro, Asch, Kassal and Wallach, JJ.