■ In the Matter of WILLIAM ROBERTSON, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated December 4, 1987, denying the petitioner a line of duty injury leave, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated August 28, 1989, which dismissed the petition on the merits and as time-barred.

Ordered that the order and judgment is affirmed, without costs or disbursements.

On December 3, 1987, the petitioner, an employee of the New York City Board of Education, submitted an application to his school principal for line of duty injury leave as the result of an injury that he allegedly sustained while on the job on September 18, 1987. The petitioner's application was rejected by the principal the following day on the basis that the petitioner had failed to file the requisite accident report within 24 hours of the alleged accident. In May 1988 the

petitioner wrote to the Board's Medical Bureau for similar relief, which request was also rejected. The petitioner commenced the instant proceeding on August 18, 1988, to review the determination. The Supreme Court denied the petition on the basis, *inter alia,* that the proceeding had not been timely commenced.

An administrative determination is final and binding so as to commence the running of the Statute of Limitations when the petitioner has received notice of the determination and is aggrieved by it *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832; *Matter of Cauldwest Realty Corp. v City of New York,* 160 AD2d 489). In the instant case, the petitioner was aggrieved and placed on notice that the Board would not process his claim for line of duty injury status and back pay when he received the letter from his principal dated December 4, 1987. Therefore, the proceeding was time-barred, since the petitioner failed to commence it within four months of that date. The petitioner's direction of correspondence to the Medical Bureau, which can be viewed, at most, as a request for reconsideration, did not toll or revive the Statute of Limitations *(see, Matter of Lubin v Board of Educ.,* 60 NY2d 974, *cert denied* 469 US 823). Accordingly, the Supreme Court correctly ruled that the petitioner's proceeding was untimely commenced.

In any event, a review of the entire record shows that there existed a rational basis for the determination *(see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.