■ PHILLIP I. RAFIELD, as Shareholder and in the Right of PCOM DATA SYSTEMS, INC., Appellant, v BARRY BROTMAN et al., Respondents. [690 NYS2d 263] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 7, 1998, which, in a shareholder's derivative action, granted defendants'

motion to dismiss the amended complaint pursuant to CPLR 3211 and 3212, unanimously modified, on the law, to deny defendants' motion to dismiss insofar as it relates to plaintiff's fifth cause of action, and to reinstate that cause against defendant New York Association for New Americans, Inc., and otherwise affirmed, without costs.

We disagree with the motion court's dismissal of the entire complaint on the ground of lack of standing, given that the relevant deposition testimony by plaintiff, one of two 50 percent shareholders and an officer and director of PCom Data Systems, Inc. (PCom), simply reflected his confusion as a non-lawyer as to the nature of a shareholder's derivative action and, as such, was not fairly probative of his standing, which was otherwise manifest, to sue on behalf of the corporation. However, we affirm the dismissal of the first through fourth and sixth causes of action on substantive grounds.

The first cause of action, for breach of fiduciary duty against defendant Barry Brotman, PCom's other 50 percent shareholder, officer and director, is based primarily on Brotman's acceptance of employment with defendant New York Association for New Americans, Inc. (NYANA), PCom's sole client, after NYANA had informed plaintiff and Brotman that it had determined to phase out its relationship with PCom and to create an in-house department to perform the data processing functions PCom was providing. The record establishes that NYANA's decision to phase out PCom deprived PCom of any viable prospect for continuing its business, and that NYANA independently reached this decision, of which PCom was advised on January 29, 1993. Under these circumstances, any possibility that NYANA might have abandoned the plan for an in-house department did not give rise to a "tangible expectancy" of a continuing relationship with NYANA, and PCom's lack of any viable prospects for the future meant that it no longer had any "line of business," and, therefore, Brotman did not usurp any corporate opportunity of PCom by subsequently discussing and accepting employment with NYANA (*Alexander & Alexander v Fritzen*, 147 AD2d 241, 247-248). Moreover, PCom, through Rafield, waived any objection to NYANA's employment of Brotman, since the record establishes that Rafield, who was advised of the hiring the day it occurred (March 3, 1993), made no complaint about it to either NYANA or Brotman for at least the remainder of the ensuing month, and, by his own admission, actively acquiesced in it by causing PCom to enter into a new contract with NYANA on the day of Brotman's hiring to deal with the resulting diminishment of PCom's capabilities (*see, Blake v Blake*, 225 AD2d 337).

The second, third and fourth causes of action are based on the contention that the non-compete agreement between PCom and defendant P. L. Cooper Associates, Inc. (Cooper Associates), a subcontractor of PCom, was breached when defendant Peter L. Cooper, the owner of Cooper Associates, was hired by NYANA on March 4, 1993. Defendants are entitled to summary judgment dismissing these causes of action because the non-compete agreement in question, which plaintiff Rafield drafted without input from Cooper, gives no indication that it was intended to bind Cooper personally, Cooper having signed it only in his capacity as president of Cooper Associates (*see, Walz v Todd & Honeywell*, 195 AD2d 455). Brotman is entitled to summary judgment dismissing the sixth cause of action, which seeks to recover an alleged loan to cover certain legal expenses, in view of the absence of any documentation of a loan agreement and PCom's past practice of covering plaintiff's and Brotman's earlier legal expenses arising from the same investigation. However, the fifth cause of action, which seeks to recover a debt of $33,925 allegedly owed by NYANA to PCom, has not been addressed by defendants on its merits either in the motion court or on appeal, and therefore must be reinstated and remanded for further consideration. Concur— Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ.