■ The People of the State of New York, Respondent, v Adell Smith, Appellant. [719 NYS2d 576] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered November 18, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The totality of the evidence, particularly with regard to defendant's pattern of accompanying the other participants throughout the drug transaction, clearly established that defendant acted as a "steerer" (*see, People v Bello*, 92 NY2d 523) and was not merely acting as a source of general information as to where drugs could be purchased.

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.

■ Rochelle Gurstein, Ph.D., Appellant, v Bard College, Graduate Center for Studies in the Decorative Arts, Respondent. [720 NYS2d 125] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 20, 2000, dismissing the proceeding brought pursuant to CPLR article 78 to vacate a determination of respondent terminating petitioner's employment as an assistant professor on a tenure track, unanimously affirmed, without costs.

The record supports the finding that respondent substantially complied with its stated guidelines during the completion of petitioner's pre-tenure review (*see, Matter of Loebl v New York Univ.*, 255 AD2d 257). The evidence sufficiently establishes that respondent's guidelines were substantially complied with and that the five required letters of evaluation were submitted to the President of Bard College as part of petitioner's completed dossier. We have reviewed petitioner's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.