■ In the Matter of LYSTRA BERKELEY-CAINES, Respondent, v ST. JOHN FISHER COLLEGE, Appellant. [782 NYS2d 309]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered January 22, 2004 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, annulled the determination of respondent denying petitioner's application for tenure and promotion and ordered respondent to provide petitioner with a grievance process in the event tenure and promotion are denied following a de novo tenure review.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted in part and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: In this CPLR article 78 proceeding petitioner challenges the determination of respondent, a private college, denying both her application for tenure and promotion and her request to file a grievance to challenge that determination. Respondent appeals from those parts of a judgment (denominated order and judgment), that, inter alia, annulled its determination and ordered it to provide petitioner with a grievance process in the event tenure and promotion are denied following a de novo tenure review.

It is well settled that judicial review of the determination of a private college to grant or deny tenure to a faculty member is limited (*see New York Inst. of Tech. v State Div. of Human Rights*, 40 NY2d 316, 322 [1976]; *Matter of Pace Coll. v Commission on Human Rights of City of N.Y.*, 38 NY2d 28, 38 [1975]; *Matter of Bennett v Wells Coll.* [appeal No. 1], 219 AD2d 352, 356 [1996]; *Matter of Gray v Canisius Coll. of Buffalo*, 76 AD2d 30, 33-34 [1980]). Respondent, however, is obligated to follow its

own rules in the tenure review process (*see Gray,* 76 AD2d at 34). Therefore, " 'an appropriate inquiry may be made, not for the purpose of substituting the judgment of the court for the judgment and discretion of the respondent[ ], but to determine whether respondent['s] action in [denying tenure to petitioner] violated the college rules and was arbitrary and capricious' " (*Bennett,* 219 AD2d at 356, quoting *Gray,* 76 AD2d at 36).

According to respondent's Faculty Statutes, a person seeking tenure must proceed with a tenure review by the Department Chair and tenured members of the applicant's department. Following that review, the department recommendations are forwarded to the Provost, who submits the application to the Committee on Rank and Tenure (Committee). The Committee, comprised of five elected faculty members with voting privileges and the Provost, issues a recommendation to grant or deny the application. Upon receipt of the Committee's recommendation, the President prepares a recommendation for the Board of Trustees (Board). In the event the President "is inclined to recommend contrary to the Committee," the President "meets with the [C]ommittee prior to submitting a recommendation to the Board." All grants of tenure are made by the Board "after it has been informed of the recommendations of the President, the Provost, the [Committee], the School Dean, where applicable, and the individual department via the Department Chair." The decision of the Board "in all tenure cases is final."

The Faculty Statutes also provide that determinations in matters of rank and privilege, including tenure, should first be by faculty action. "The governing board and president should, on questions of faculty rank and privileges, . . . concur with the faculty judgment except in rare instances and for compelling reasons which should be stated in detail."

In this case there is no dispute concerning the departmental review procedures or those before the Committee. At issue are the procedures following the President's determination to make a recommendation contrary to that of the Committee. The President met with the Committee and then submitted to the Board her recommendation opposing petitioner's application for tenure. The Board denied petitioner's application for tenure. When petitioner sought an explanation and attempted to file a grievance challenging the denial of her application for tenure, respondent initially responded that the Faculty Statutes did not provide a procedure to grieve denial of tenure. Ultimately respondent offered to convene a grievance committee to consider only two limited procedural issues: whether the President met with the Committee before submitting her recommendation to the Board and what was the outcome of that meeting.

Supreme Court erred in annulling respondent's determination not to grant petitioner promotion and tenure. Contrary to petitioner's contention, neither the President nor the Board was required by the Faculty Statutes to state in detail the "compelling reasons" for disagreeing with the recommendation of the Committee. The Faculty Statutes provide that the President and Board "should" concur with the Committee except in rare instances and for compelling reasons that "should" be stated in detail. "[T]he word 'should' denotes an advisory condition, which is recommended but not mandatory" (*DeFrancisci v Baron*, 97 AD2d 453, 454 [1983]; *see Gluckin v Insurance Co. of N. Am.*, 149 AD2d 346, 347 [1989]; *State of New York v Abandoned Funds Info. Ctr.*, 129 Misc 2d 614, 618 [1985]; *cf. Bennett*, 219 AD2d at 354). Given the limited scope of judicial review, the failure of the President and the Board to state their "compelling reasons" does not warrant the court's annulling respondent's determination.

We conclude, however, that petitioner was entitled to file a grievance challenging respondent's determination insofar as petitioner alleged that respondent breached, misinterpreted and/or misapplied the Faculty Statutes. Respondent's denial of petitioner's request to file a grievance on those issues constitutes a violation of respondent's own rules and regulations authorizing grievance of a "claimed breach, misinterpretation, or misapplication of the policies or procedures set forth in the [Faculty Statutes] which relate to . . . tenure [or] promotion." The grievance could properly encompass whether respondent violated its policy that "[t]he governing board and president should, on questions of faculty rank and privileges . . . concur with the faculty judgment except in rare instances and for compelling reasons which should be stated in detail." We therefore reverse the judgment insofar as appealed from, grant the petition in part and remit the matter to respondent to permit petitioner to file a grievance as provided in the Faculty Statutes. Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.