■ Murat H. Davidson, Jr., Respondent-Appellant, v Regan Fund Management Ltd., Appellant-Respondent. [786 NYS2d 47]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 27, 2004, which, in an action to recover commissions due under a written employment contract, granted plaintiff's motion for summary judgment to the extent of determining that defendant is liable to plaintiff for breach of contract, and dismissing defendant's counterclaims for, inter alia, breach of contract and breach of the duty of loyalty, and, upon a search of the record, dismissed plaintiff's cause of action to recover liquidated damages and attorneys' fees under Labor Law § 198 (1-a), unanimously affirmed, with costs in favor of plaintiff payable by defendant.

The motion court correctly held that defendant waived its right to written termination of the employment agreement upon

a record showing that defendant accepted plaintiff's verbal resignation, wished him well, was aware that he had accepted other employment and would not be returning, and gave no indication that the verbal resignation was ineffective (*see O'Neil Supply Co. v Petroleum Heat & Power Co.*, 280 NY 50, 56 [1939]; *Rafield v Brotman*, 261 AD2d 257, 258 [1999]). In any event, even if there were an issue of fact as to waiver, defendant's purported written termination of the employment agreement could not have operated to deprive plaintiff of posttermination commissions expressly provided for in the employment contract (*see Yudell v Israel & Assoc.*, 248 AD2d 189, 189-191 [1998]; *Swits v New York Sys. Exch.*, 281 AD2d 833, 834 [2001], quoting, inter alia, *UWC, Inc. v Eagle Indus.*, 213 AD2d 1009, 1011 [1995], *lv denied* 85 NY2d 812 [1995]). The motion court also correctly held that there are no issues of fact as to whether plaintiff diverted any business opportunities from defendant (*see Alexander & Alexander v Fritzen*, 147 AD2d 241, 247-248 [1989]), or was otherwise a disloyal employee, and aptly characterized defendant's request for further discovery on this issue as a fishing expedition. Plaintiff's discussions with a prospective employer were not a breach of his duty of loyalty (*see Feiger v Iral Jewelry*, 41 NY2d 928, 929 [1977]; *Bon Temps Agency, Ltd. v Greenfield*, 212 AD2d 427, 428 [1995]), and the record contains no support for defendant's claim that plaintiff's performance was inadequate during the last year of employment, let alone so inadequate as to strike at the very essence of the employment (*see Russ v Minuteman Opt. Corp.*, 99 AD2d 632, 633 [1984]). Plaintiff's cause of action under Labor Law § 198 (1-a) was properly dismissed on a finding that he was employed in an executive capacity (*see Gottlieb v Laub & Co.*, 82 NY2d 457, 461 [1993]; *Sorrentino v Bohbot Entertainment & Media*, 265 AD2d 245, 246 [1999]). We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Ellerin, Lerner, Marlow and Catterson, JJ.