■ In the Matter of HIRAN PERINPANAYAGAM, Respondent, v UNIVERSITY AT BUFFALO et al., Appellants. [833 NYS2d 809]—

Appeal and cross appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered June 7, 2006 in a proceeding pursuant to CPLR article 78. The judgment granted the petition in part and annulled the October 5, 2005 determination of respondents not to renew petitioner's appointment as an assistant professor in the School of Dental Medicine at respondent University at Buffalo and annulled the November 8, 2005 determination of respondents to deny petitioner's administrative appeal from the October 5, 2005 determination.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by dismissing the petition in its entirety and reinstating the determinations dated October 5, 2005 and November 8, 2005 and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination not to renew his term appointment as an assistant professor in the School of Dental Medicine. Petitioner contends on appeal that Supreme Court properly annulled the determination but erred in denying that part of his petition seeking reappointment to his position for a three-year term, followed by a tenure review according to respondent University at Buffalo's procedures, and respondents contend on their cross appeal that the court erred in annulling the determination. We agree with respondents.

It is well settled that judicial review of a determination of an educational institution with respect to the appointment, promotion and retention of faculty is limited (*see New York Inst. of Tech. v State Div. of Human Rights*, 40 NY2d 316, 322 [1976]; *Matter of Pace Coll. v Commission on Human Rights of City of N.Y.*, 38 NY2d 28, 38 [1975]; *Matter of Bennett v Wells Coll.* [appeal No. 1], 219 AD2d 352, 356 [1996]). Although the determination of an educational institution with respect to the reappointment of a faculty member is "not entirely beyond judicial scrutiny" (*Bennett*, 219 AD2d at 356; *see Gertler v Goodgold*, 107 AD2d 481, 486 [1985], *affd for reasons stated at App Div* 66

NY2d 946 [1985]), courts "should only rarely assume academic oversight, except with the greatest caution and restraint, in such sensitive areas as faculty appointment, promotion, and tenure, especially in institutions of higher learning" (*Bennett*, 219 AD2d at 356 [internal quotation marks omitted]). A university, "having accepted a State charter, 'can be compelled in an article 78 proceeding to fulfill not only obligations imposed upon [it] by State or municipal statutes but also those imposed by [that institution's] internal rules' " (*id.*, quoting *Matter of Gray v Canisius Coll. of Buffalo*, 76 AD2d 30, 33 [1980]; *see Gertler*, 107 AD2d at 486). Thus, "an appropriate inquiry may be made, not for the purpose of substituting the judgment of the court for the judgment and discretion of the respondent[s], but to determine whether respondent[s'] action[s] . . . violated the [university] rules and w[ere] arbitrary and capricious" (*Matter of Berkeley-Caines v St. John Fisher Coll.*, 11 AD3d 895, 896 [2004] [internal quotation marks omitted]). Where the policies are permissive or recommended, as opposed to mandatory, the failure to comply with those policies does not warrant the annulment of a university's determination (*see id.* at 897; *cf. Bennett*, 219 AD2d at 356-357).

Addressing first respondents' cross appeal, we conclude that the court erred in granting the petition in part and annulling the determination. Because the court annulled both the initial determination and the determination upon the administrative appeal, we modify the judgment with respect to both determinations. Petitioner contended in support of the petition that, inter alia, respondents failed to comply with the procedures and standards set forth in the Faculty/Staff Handbook (Handbook). We conclude that the Handbook provisions are to be construed in light of, inter alia, the United University Professionals Professional Services Unit Agreement (UUP contract). Contrary to petitioner's contention, the failure of the School of Dental Medicine to promulgate additional policies with respect to personnel determinations does not provide a basis to annul the determination, particularly in view of the fact that the language in the Handbook with respect to supplementation of the reappointment procedures is permissive or recommended (*see Berkeley-Caines*, 11 AD3d at 897). Contrary to the further contention of petitioner, the record reflects that he was afforded the review procedures mandated by the Policies of the Board of Trustees, the UUP contract, and the Handbook. Thus, the court erred in annulling the determination on the ground that it was arbitrary and capricious (*see generally id.* at 895-896). In view of our decision, we see no need to address the contentions of petitioner on his appeal. Present—Hurlbutt, J.P., Smith, Centra and Peradotto, JJ.