In the Matter of PAUL LIPSKY, Appellant, v NEW YORK INSTITUTE OF TECHNOLOGY et al., Respondents. [893 NYS2d 193]—

In 1999 the petitioner was appointed as a tenure-track, assistant professor at the respondent New York Institute of Technology (hereinafter the Institute). The terms and conditions of his employment were governed by a collective bargaining agreement (hereinafter the agreement). After a six-year probationary period, the petitioner's tenure application was considered. After the respondent Board of Trustees of the New York Institute of Technology (hereinafter the Board) made a determination denying that application, the petitioner filed internal appeals pursuant to the terms of the agreement. As a result, the agreement was modified to extend the petitioner's probationary period for one additional year and to provide for a reconsideration of the application. At the end of the year, the Board reconsidered the application and, again, denied it.

The petitioner commenced this CPLR article 78 proceeding seeking, inter alia, in effect, to annul the Board's determination denying his tenure application. The petitioner alleged, among other things, that the Board, in making the determination, failed to comply with certain procedures required by the agreement, and that the determination was arbitrary and capricious. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Judicial review of a university's determination to deny tenure to a faculty member is limited (*see New York Inst. of Tech. v State Div. of Human Rights*, 40 NY2d 316, 322 [1976]; *Matter of Berkeley-Caines v St. John Fisher Coll.*, 11 AD3d 895 [2004]; *Matter of Bennett v Wells Coll.*, 219 AD2d 352, 356 [1996]). In

reviewing such a determination, a court, which must not substitute its judgment for that of the university, must determine whether the determination was made in violation of the university's rules, or is arbitrary and capricious (*cf. Matter of Gray v Canisius Coll. of Buffalo*, 76 AD2d 30, 36 [1980]).

Here, the petitioner failed to establish that the Board's determination denying his tenure application was made in violation of an applicable rule, or is arbitrary and capricious. Although the petitioner argued that the School Personnel Committee (hereinafter the SPC), a body consulted during the consideration of the application, was not appropriately representative of the Institute's campuses and departments, the agreement merely provides for a "recommended, as opposed to mandatory" composition of the SPC (*Matter of Perinpanayagam v University at Buffalo*, 39 AD3d 1220, 1222 [2007]; *see Matter of Berkeley-Caines v St. John Fisher Coll.*, 11 AD3d at 897). In addition, although the petitioner argues that the respondents improperly amended the criteria for tenure and improperly failed to publish those criteria, under the circumstances, the petitioner, who agreed to the modification of the agreement, and who was aware of the criteria that would be considered when his tenure application was reconsidered at the end of the additional year of probation, waived these arguments (*cf. Davidson v Regan Fund Mgt. Ltd.*, 13 AD3d 117, 117-118 [2004]).

The petitioner's remaining contentions are without merit. Covello, J.P., Santucci, Chambers and Hall, JJ., concur.