In the Matter of EDWIN SCOTT FRUEHWALD, Appellant, v HOFSTRA UNIVERSITY et al., Respondents. [920 NYS2d 183]—

Beginning in July 2000, the petitioner was employed as a legal writing teacher at the Hofstra University School of Law (hereinafter the law school). In the fall of 2008, he submitted an application for reappointment and for a five-year contract as a member of the legal writing faculty. The petitioner's application was subsequently denied on the ground that there was a significant decline in his teaching performance since the execution of his last contract.

The petitioner commenced this proceeding to review the denial of his application for reappointment and for a five-year contract. The petition alleged, among other things, that the de-

cision not to offer him a five-year contract was arbitrary and capricious and was made in violation of the rules of the law school, which set forth the procedure to be followed when considering applications for reappointment. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

"One of the most sensitive functions of the university administration is the appointment, promotion and retention of the faculty" (*New York Inst. of Tech. v State Div. of Human Rights*, 40 NY2d 316, 322 [1976]). Courts will "only rarely assume academic oversight, except with the greatest caution and restraint, in such sensitive areas as faculty appointment, promotion, and tenure, especially in institutions of higher learning" (*Matter of Pace Coll. v Commission on Human Rights of City of N.Y.*, 38 NY2d 28, 38 [1975]).

Accordingly, "judicial review of a determination of an educational institution with respect to the appointment, promotion and retention of faculty is limited" (*Matter of Perinpanayagam v University at Buffalo*, 39 AD3d 1220, 1221 [2007]). "In reviewing such a determination, a court, which must not substitute its judgment for that of the university, must determine whether the determination was made in violation of the university's rules, or is arbitrary and capricious" (*Matter of Lipsky v New York Inst. of Tech.*, 69 AD3d 725, 725-726 [2010]; *see Gertler v Goodgold*, 107 AD2d 481, 487 [1985], *affd* 66 NY2d 946 [1985]; *see also Matter of Gray v Canisius Coll. of Buffalo*, 76 AD2d 30, 36-37 [1980]).

Contrary to the petitioner's contention, the determination that there was a significant decline in his teaching performance since the execution of his last contract was not made without sound basis in reason or regard to the facts, and the petitioner failed to demonstrate that the determination to deny his application was arbitrary or capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Moreover, even if the law school's committee on appointment, reappointment, and promotion of clinical skills, legal writing, and academic support faculty (hereinafter the Committee) failed to conduct the exact number of classroom and student conference observations outlined in the rules promulgated by the law school, we conclude that the observations undertaken by the Committee constituted substantial compliance under the circumstances (*see Gurstein v Bard Coll.*, 280 AD2d 264 [2001]; *Matter of Loebl v New York Univ.*, 255 AD2d 257, 258-259 [1998]; *see also Tedeschi v Wagner Coll.*, 49 NY2d 652, 660-661 [1980]).

Furthermore, the petitioner's contention that the reappointment process failed to include a decision by "the Law School Faculty" does not require reversal. The record discloses a rational basis upon which the respondents could have concluded that the petitioner waived his right to this portion of the reappointment process (*see Matter of Lipsky v New York Inst. of Tech.*, 69 AD3d at 725-726), especially given his failure to raise this issue in the context of the administrative appeal which was provided to him at his request (*see Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1610 [2010]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.