■ In the Matter of CHARLES McCARRY, Respondent, v PURCHASE COLLEGE, STATE UNIVERSITY OF NEW YORK et al., Appellants. [949 NYS2d 764]—

In a proceeding pursuant to CPLR article 78 to review a determination of Thomas Schwarz, the president of Purchase College, State University of New York dated August 3, 2010, denying the petitioner reappointment to the position of assistant professor, Purchase College, State University of New York and Thomas Schwarz appeal (1) from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), entered June 7, 2011, which granted the petition, annulled the determination, and remitted the matter to them for de novo review and a new determination, and (2), as limited by their brief, from so much of a supplemental judgment of the same court dated June 27, 2011, as directed the retroactive reinstatement of the petitioner, with full compensation and benefits, pending the de novo review.

Ordered that the judgment entered June 7, 2011, is reversed, on the law, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the supplemental judgment dated June 27, 2011, is reversed insofar as appealed from, on the law; and it is further,

Ordered that one bill of costs is awarded to Purchase College, State University of New York and Thomas Schwarz.

Contrary to the conclusion reached by Supreme Court, this proceeding by the petitioner challenging the determination not to reappoint him to the position of assistant professor was time-barred by the four-month statute of limitations set forth in CPLR 217 (1). The limitations period began to run on the date that the challenged determination became final and binding (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). "A determination generally becomes binding when the aggrieved party is 'notified' [of that determination]" (*Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]), at which time the agency has reached a definitive position that inflicts concrete injury to the aggrieved party that cannot be prevented or significantly ameliorated by further administrative action (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d at 34). Here, it is undisputed that the instant proceeding was commenced more than four months after the petitioner received notification that he had not been reappointed to his teaching position (*see e.g. Roufaiel v Ithaca Coll.*, 241 AD2d 865 [1997]; *90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 227 AD2d 331 [1996]; *Matter of Robertson v Board of Educ. of City of N.Y.*, 175 AD2d 836 [1991]). In this regard, the petitioner's reliance upon decisions involving the discretionary termina-

tion of ongoing employment is misplaced, and the limitations period did not run from the date upon which his fixed-duration employment contract automatically ended (*cf. Kahn v New York City Dept. of Educ.*, 18 NY3d 457, 472 [2012]; *Matter of De Milio v Borghard*, 55 NY2d 216, 220 [1982]; *Matter of Mawn v County of Suffolk*, 17 AD3d 467, 468 [2005]; *Matter of Mateo v Board of Educ. of City of N.Y.*, 285 AD2d 552, 553 [2001]).

Furthermore, even if the petitioner's proceeding had been timely commenced, the record demonstrates that the appellants substantially complied with the internal rules of Purchase College, State University of New York (*see Matter of Fruehwald v Hofstra Univ.*, 82 AD3d 1233 [2011]), and the determination was not arbitrary and capricious.

In view of the foregoing, we need not reach the appellants' remaining contention. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.