Matter of Safit v Pace Univ. (2018 NY Slip Op 01581)





Matter of Safit v Pace Univ.


2018 NY Slip Op 01581


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


5974 101149/16

[*1]In re Ilan Safit, Petitioner-Appellant,
v
Pace University, Respondent-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Stewart L. Karlin of counsel), for appellant.
Bond, Schoeneck & King, Syracuse (Laura H. Harshbarger of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 5, 2016, which denied the petition challenging respondent's determination to deny petitioner tenure, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent's decision to deny petitioner tenure was not arbitrary and capricious (see Matter of Loebl v New York Univ., 255 AD2d 257, 259 [1st Dept 1998]; Matter of Fruehwald v Hofstra Univ., 82 AD3d 1233, 1234 [2d Dept 2011]). Contrary to petitioner's argument, he received due process during the tenure application process. In response to petitioner's complaints regarding alleged procedural issues, respondent remanded his application to the stage where the issue arose, and allowed his application to proceed anew.
Furthermore, the determination not to recommend promotion or tenure was supported by the evidence, including the affidavits of multiple faculty members and officials, which demonstrated that petitioner's application received the benefit of multiple reviews by differently constituted faculty committees, was given full and fair consideration, and was a proper exercise of academic judgment (see Pauk v Board of Higher Educ. of City of N.Y., 62 AD2d 660, 664 [1st Dept 1978], affd 48 NY2d 930 [1979]). We have considered petitioner's remaining contentions, including that he was denied tenure because of his age, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK