■ BERTIL SWANTESON, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel the respondents to expunge an "unsatisfactory" rating from his employment record, petitioner appeals from a judgment of the Supreme Court, Kings County (Jones, J.), dated January 23, 1981, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the respondents for further proceedings consistent herewith. Petitioner, a tenured teacher employed by the Board of Education of the City of New York (the board), received an "unsatisfactory" rating for his services at Washington Irving High School for the period of January 9, 1978 to June 28, 1978. After a review proceeding the chancellor sustained the rating. This proceeding then ensued. The petitioner contends that the board failed to sufficiently comply with its rules and regulations governing the conduct of review proceedings. Prior to the commencement of the review proceeding before the chancellor's committee pursuant to section 5.3.4 of article 5 of the board's by-laws and subdivision 9 of Special Circular No. 44 promulgated by the chancellor on January 10, 1975, the board furnished the petitioner with a copy of the "Review Format used in considering appeals". The "PREFACE" to the Review Format recites: "The following information is provided to you as a participant in a Review in order that you may have notice of your rights under this process and to serve as an informative guide to the manner in which the review proceedings will be conducted. These guidelines are applied to meet particular issues or problems as they arise in each individual case, however, the Chancellor's Committee necessarily reserves to itself the right to make such adjustments in this format as it deems necessary. The review proceedings are governed by the chairperson so as to provide for a structured process which will allow fairness to all parties while insuring an expeditious and non-repetitious presentation of the relevant matters." After providing for an oral presentation by the participants representing the administration, during which the appellant or his adviser is permitted to cross-examine the witnesses, the Review Format pertinently recites: "c. *The Appellant (Or Adviser)* 1. The appellant (or the adviser) is now permitted to make a statement on his or her own behalf (or on behalf of the appellant) and may speak to the written materials (other than the procedural objections already responded to) which the appellant sent before the review in reply to the rating officer's documentation and the evidence presented during the oral presentation." The review proceeding was held on May 15, June 7, September 14 and September 19, 1979 before a one-member committee (the chairperson). The four sessions were devoted to the administration's presentation including cross-examination by the petitioner. The proceeding was marked by the use of intemperate language, most frequently by the petitioner, occasionally by his adviser and the principal, and even the chairperson. During the morning session on September 19, 1979, the petitioner stated that the Superintendent of Manhattan High Schools, "has a history of lying. He is a liar; it is right in the records over there." After the chairperson commented that this was "vituperation" and that he would not "blame" the superintendent if he "wanted to walk out at this point, and not submitting [*sic*] to further questioning of that kind", the hearing continued without interruption but with some warning by the chairperson that he would cut off cross-examination if the petitioner continued to pose repetitious and irrelevant questions. At noon, the chairperson announced a lunch recess and requested the petitioner to be prepared to present his "statement for the defense" when the review proceed-

ing is resumed in the afternoon. However, approximately one hour later, at the start of the afternoon session, the chairperson declared the review terminated, saying: "Just a moment, * * * before we resume the session, I have a statement to make. Despite the warnings given this morning by Mr. Stein and by the Chair, to avoid personal vituperation and to avoid abrasive behavior, despite repeated warnings, in reviewing this morning's procedures, proceedings, which I did during the lunch period, I find your conduct during that, during the morning session, completely unacceptable. Your calling the superintendent a liar is something that no one, no one, who is in a position of authority, be it a teacher, an assistant principal, a superintendent, should have to accept or take. I find that despite the warnings given you, by manner, by speech, by body language and by overt language, calling, again, calling the superintendent one who constantly lies and is a liar, I find that completely unacceptable, and I did not wish to halt the proceedings under the stress of a momentary emotion. So I let the proceedings go on. But on further reflection, there is no point in continuing, and it is, and I hereby declare the review terminated, and a report will be written by me and will go to the Chancellor. That is all." It is not disputed that the by-laws of the board and the rules and regulations promulgated by the chancellor are binding upon the board (*Matter of Lehman v Board of Educ.*, 82 AD2d 832) or that the review was terminated "before the prescribed steps could be completed". Rather, the respondents contend that the chairperson's termination of the review was a reasonable and proper exercise of discretion in view of the petitioner's "disruptive behavior". We do not agree. On the facts of this record, the termination of the review proceeding, before the petitioner, or his adviser, was afforded an opportunity to make a statement on petitioner's behalf, as provided in the "Review Format", was an abuse of the chairperson's discretionary power to make necessary "adjustments" in the format and insure an "expeditious and non-repetitious presentation", which denied the petitioner a substantial right. Accordingly, respondents are directed to provide for a review of the rating pursuant to section 5.3.4 of article 5 of the by-laws, at which time the petitioner shall be given the opportunity to exercise his right to make a presentation and a statement on his own behalf as provided in the Review Format. In the view we take of this case, it is unnecessary to reach the other issue raised by the petitioner. Damiani, J. P., O'Connor, Thompson and Niehoff, JJ., concur.