■ In the Matter of LAYANN JONES, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.— In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the City of New York dated March 25, 1987, which terminated the petitioner's probationary employment, the appeal is from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated February 2, 1989 which, *inter alia,* reinstated the petitioner with full salary and status, and denied the appellants' motion to dismiss the proceeding as time barred.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the petition is dismissed.

On the recommendation of the principal and the superintendent of the school at which the petitioner was employed as a probationary teacher, Community School Board 17, the respondent Board of Education of the City of New York passed a resolution dated July 30, 1986, terminating the petitioner's probationary employment. The termination became effective August 29, 1986. After receiving reports from the Chancellor's officially designated review committee, the superintendent informed the petitioner that the discontinuance of the probationary employment was reaffirmed. The reaffirmance letter,

dated March 25, 1987, referred to "our previous action which resulted in the discontinuance of your probationary service on 6/30/86 *[sic]*".

By petition served dated April 12, 1988, the petitioner commenced the instant proceeding. Since the petitioner's termination became final and binding on August 29, 1986, this petition, having been served more than four months later, was untimely under CPLR 217 *(see, Matter of Vasbinder v Hartnett,* 129 AD2d 894).

There is no merit to the petitioner's argument that the final determination of the matter was a letter from the principal reversing the unsatisfactory rating upon which the superintendent based his recommendation. Education Law § 2573 (1) (a) provides, in pertinent part, that probationary appointment may be discontinued "at any time during [the] probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education." Therefore, the recommendation of the school principal is not dispositive. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.