■ In the Matter of DANIEL L. SCHULMAN, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the City of New York effective September 4, 1989, which, *inter alia*, discharged the petitioner from his probationary position as a teacher in the field of special education, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), entered July 11, 1990, which granted the cross motion of the respondents and dismissed the petition as barred by the four-month Statute of Limitations.

Ordered that the order and judgment is affirmed, without costs or disbursements.

In June 1989, after the petitioner's first year of teaching, he received an overall performance rating of unsatisfactory on his Individual Rating Report. Thereafter, the Chancellor, upon the recommendation of the Superintendent of Schools, informed the petitioner by letter dated July 11, 1989, that effective September 4, 1989, the petitioner's probationary employment was terminated. The Chancellor also informed the petitioner that, pursuant to the collective bargaining between the Board of Education of the City of New York (hereinafter the Board of Education) and the United Federation of Teachers, the petitioner was entitled to review under Board of Education By-law § 5.3.4. A hearing was held on October 11, 1989. On November 9, 1989, the petitioner received written notification from the Chancellor that, after careful consideration of the petitioner's case, he had reaffirmed his original decision to discontinue the petitioner's probationary employment.

By petition dated January 5, 1990, and stamped received by the Board of Education on January 9, 1990, the petitioner commenced the instant proceeding. Since the petitioner received notice of the determination discharging him in July 1989, and that determination went into effect on September 4, 1989, this petition, having been served more than four months after September 4, 1989, was untimely under CPLR 217 (see, Matter of De Milio v Borghard, 55 NY2d 216; Matter of Robertson v Board of Educ., 175 AD2d 836; Matter of Jones v Board of Educ., 159 AD2d 506).

There is no merit to the petitioner's argument that the review of this administrative determination served to extend the four month limitations period (see, Matter of Frasier v Board of Educ., 71 NY2d 763, 766-767; Matter of Robertson v Board of Educ., supra).

We have considered the petitioner's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur. [As amended by order entered Feb. 19, 1993.]