■ In the Matter of ISABELLA G. PERSICO, Appellant, v BOARD OF EDUCATION, CITY SCHOOL DISTRICT, CITY OF NEW YORK, et al., Respondents. [632 NYS2d 198] —In a proceeding pursuant to CPLR article 78 to review a determination of the Chancellor of the Board of Education of the City School District of the City of New York dated November 3, 1992, which upheld the discontinuance of the petitioner's employment as a probationary teacher, the petitioner appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated November 8, 1993, which dismissed the proceeding as untimely.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The petitioner was a probationary teacher discharged by the respondents effective September 3, 1990. The decision to terminate the petitioner's employment was reviewed by a Chancellor's Committee (hereinafter the Committee) pursuant to Section 5.3.4 of the Bylaws of the Board of Education, City School District of the City of New York, which, after a hearing, resulted in the panel recommending that the termination of the petitioner's employment be reaffirmed. The Chancellor notified the petitioner by letter dated November 3, 1992, that her termination was reaffirmed. By petition dated March 1, 1993, and served on the respondents on March 2, 1993, the petitioner commenced the present CPLR article 78 proceeding, claiming that she had been denied substantial procedural rights at the review hearing. The Supreme Court dismissed the petition as untimely pursuant to CPLR 217 and this appeal followed. We reverse.

A CPLR article 78 proceeding must be commenced within four months after the determination to be reviewed becomes final and binding *(see,* CPLR 217; *New York State Assn. of Counties v Axelrod,* 78 NY2d 158). In the case of a determination to terminate probationary employment, the determination becomes final and binding on the date termination becomes effective *(see, Matter of DeMilo v Borghard,* 55 NY2d 216; *Matter of Schulman v Board of Educ.,* 184 AD2d 643).

However, where, as here, a probationary teacher is not challenging his or her termination but, rather, is challenging the proceedings of a Chancellor's Committee set up to review a prior determination to discontinue probationary employment, the CPLR article 78 proceeding must be commenced within four months after the probationary teacher is notified that the Chancellor is reaffirming the discontinuance in accordance with the recommendation of the Committee *(cf., Swanteson v Board of Educ.,* 88 AD2d 907; *Matter of Jacobs v Board of Educ.,* 73 AD2d 623; *Matter of Brown v Board of Educ.,* 42 AD2d 702). Since the petitioner claims that she was denied substantial procedural rights in the proceedings before the Committee and the CPLR article 78 proceeding was commenced within four months after the petitioner·was informed that the Chancellor had reaffirmed his initial determination to discontinue the petitioner's probationary employment, the instant proceeding was timely commenced.

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a determination on the merits of the petitioner's claims that the Committee's review process was flawed by substantial procedural violations. We note that even ·if there is merit to the petitioner's claims, the only relief to which she would be entitled would be a new hearing by the Committee. Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.