■ In the Matter of CARMELO BONILLA, Appellant, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [728 NYS2d 69] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Chancellor of the Board of Education of the City of New York dated March 25, 1999, which sustained a determination of a school principal, dated June 26, 1998, rating the petitioner unsatisfactory, and to compel the respondents to reinstate him to his position as a teacher with back pay, the petitioner appeals from a judgment of the Supreme Court, Kings County (Mason, J.), dated November 23, 1999, which denied the petition and dismissed the proceeding as time-barred.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the determination dated June 26, 1998, rating the petitioner unsatisfactory and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, with costs to the petitioner, the determination dated June 26, 1998, is annulled, and the matter is remitted to the respondents to expunge the unsatisfactory rating from the petitioner's records.

On June 26, 1998, the petitioner was terminated from his position as a provisional science teacher after receiving an unsatisfactory rating of his teaching performance. A final decision sustaining the petitioner's unsatisfactory rating was issued by the respondent Chancellor of the Board of Education of the City of New York (hereinafter the Chancellor) on March 25, 1999. On July 20, 1999, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul his unsatisfactory rating and reinstate him to his position with back pay and benefits. The Supreme Court dismissed the proceeding as time-barred, ruling that that Statute of Limitations began to run on the date the petitioner's employment was terminated.

The Supreme Court erred in dismissing the entire proceeding on the ground that it was barred by the Statute of Limitations. A proceeding pursuant to CPLR article 78 against a public body or officer must be commenced within four months after the determination to be reviewed becomes final and binding (*see,* CPLR 217). To the extent that the petition here seeks review of the respondents' June 26, 1998, decision to terminate his employment, it is barred by the four-month Statute of Limitations because this determination became final on the effective date of his discharge (*see, Matter of Frasier v Board of Educ.,* 71 NY2d 763; *Matter of Levine v Board of Educ.,* 272 AD2d 328; *Matter of Persico v Board of Educ.,* 220 AD2d 512; *Matter of Schulman v Board of Educ.,* 184 AD2d 643).

However, the petition is not time-barred to the extent that it seeks review of the determination of the Chancellor dated March 25, 1999, sustaining the petitioner's unsatisfactory rating. Pursuant to the respondents' regulations, the petitioner had a right to an administrative appeal and a hearing conducted by the Chancellor's Committee, and the recommendation of the Committee did not become final until the Chancellor issued a decision acting upon it. Accordingly, the determination that the petitioner's teaching performance was unsatisfactory did not become final and binding until the Chancellor denied his appeal and sustained the rating (*see, Matter of Mateo v Board of Educ.,* 285 AD2d 552 [decided herewith]). Furthermore, the petition should be granted to the extent that it seeks to annul the unsatisfactory rating since the respondents concede that it was not preceded by an inspection of the petitioner's work and a consultation with him by the appropriate official (*see, Longarzo v Anker,* 49 AD2d 879). Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.