■ In the Matter of STEPHEN J. BUDIHAS, Appellant, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [728

NYS2d 493] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Chancellor of the Board of Education of the City of New York dated April 8, 1999, which sustained a prior determination dated April 8, 1998, terminating the petitioner from his probationary position as a principal, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (M. Garson, J.), dated June 9, 2000, which upon, *sua sponte*, reconsidering the respondents' cross motion to dismiss the petition as time-barred, granted the cross motion, denied the petition, and dismissed the proceeding as barred by the Statute of Limitations.

Ordered that the order and judgment is affirmed, with costs.

"Every court retains a continuing jurisdiction generally to reconsider any prior intermediate determination it has made" during the pendency of an action (*Aridas v Caserta,* 41 NY2d 1059, 1061; *see, Liss v Trans Auto Sys.,* 68 NY2d 15, 20; *Matter of Burns,* 228 AD2d 674). Therefore, the Supreme Court did not offend the doctrine of the law of the case when it reconsidered its prior ruling as to whether the proceeding was barred by the Statute of Limitations.

The original letter to the petitioner from the Chancellor of the Board of Education of the City of New York (hereinafter the Chancellor), dated April 8, 1998, advised the petitioner that his probationary status was terminated effective "as of the close of business on May 1, 1998." Because a determination to terminate probationary employment becomes final and binding on the date the termination becomes effective (*see, Matter of Frasier v Board of Educ.,* 71 NY2d 763, 766-767; *Matter of Bonilla v Board of Educ.,* 285 AD2d 548 [decided herewith]; *Matter of Mateo v Board of Educ.,* 285 AD2d 552 [decided herewith]; *Matter of Levine v Board of Educ.,* 272 AD2d 328; *Matter of Persico v Board of Educ.,* 220 AD2d 512, 513; *Matter of De Milio v Borghard,* 55 NY2d 216; *see also, Matter of McCain v Fernandez,* 226 AD2d 380; *Matter of Schulman v Board of Educ.,* 184 AD2d 643), the petition filed on July 30, 1999, is clearly time-barred (*see,* CPLR 217).

In light of our determination we need not reach the petitioner's remaining contentions. Santucci, J. P., Goldstein, H. Miller and Crane, JJ., concur.