■ In the Matter of GLADYS MATEO, Appellant-Respondent, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents-Appellants. [728 NYS2d 71] —In a proceeding pursuant to CPLR article 78 to review a determination of the Chancellor of the Board of Education of the City of New York dated February 18, 1999, which sustained a determination of a school principal, dated June 26, 1998, rating the petitioner unsatisfactory, the petitioner appeals from (1) so much of an order and judgment (one paper) of the Supreme Court, Kings County (S. Leone, J.), dated March 24, 2000, as failed to grant that branch of her petition which was to reinstate her to her teaching position with back pay, and (2) an order of the same court, dated May 1, 2000, which, *sua sponte*, modified the order and judgment dated March 24, 2000, to correct a typographical error, and the respondents cross-appeal (1), as limited by their brief, from so much of the order and judgment dated March 24, 2000, as denied their cross motion to dismiss the petition as time-barred, and granted that branch of the petition which was to annul the determination dated June 26, 1998, rating the petitioner unsatisfactory, and (2) from the order dated May 1, 2000.

Ordered that on the Court's own motion, the notices of appeal and cross appeal from the order dated May 1, 2000, are treated as applications for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order and judgment is modified, on the law, by adding thereto a provision dismissing that branch of the petition which was to reinstate the petitioner to her teaching position with back pay; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the respondents' contention, to the extent that the petition seeks to review the determination of the Chancellor of the Board of Education of the City of New York (herein-

after the Chancellor) dated February 18, 1999, sustaining the petitioner's "unsatisfactory" rating, it is not time-barred. A proceeding pursuant to CPLR article 78 against a public body or officer must be commenced within four months after the determination to be reviewed becomes final and binding (*see,* CPLR 217). An agency determination becomes final and binding within the meaning of the statute when the petitioner seeking review has been aggrieved by it (*see, Yarbough v Franco,* 95 NY2d 342; *Matter of Carter v State of New York, Exec. Dept., Div. of Parole,* 95 NY2d 267, 270). "A petitioner is aggrieved once the agency has issued an unambiguously final decision that puts the petitioner on notice that all administrative appeals have been exhausted" (*Carter v State of New York, supra,* at 270; *see also, Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, 358). Pursuant to the respondents' regulations, the petitioner had a right to an administrative appeal and a hearing conducted by the Chancellor's Committee (hereinafter the Committee), and the recommendation of the Committee did not become final until the Chancellor issued a decision acting upon it. Under these circumstances, the determination that the petitioner's teaching performance was unsatisfactory did not become final and binding until the Chancellor denied her administrative appeal and sustained the rating (*see, Matter of Bonilla v Board of Educ.,* 285 AD2d 573 [decided herewith]).

However, to the extent that the petition seeks review of the determination dated June 26, 1998, which terminated the petitioner's employment, it is barred by the four-month Statute of Limitations because this determination became final on the effective date of the petitioner's discharge (*see, Matter of Frasier v Board of Educ., supra; Matter of Levine v Board of Educ.,* 272 AD2d 328; *Matter of Persico v Board of Educ.,* 220 AD2d 512; *Matter of Schulman v Board of Educ.,* 184 AD2d 643). In any event, as a provisional employee, the petitioner is not entitled to the remedy of reinstatement with back pay retroactive to the termination of her employment (*see, Matter of Preddice v Callanan,* 69 NY2d 812).

The parties' remaining contentions are without merit. Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.