■ In the Matter of CRAIG JOHNSON, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [737 NYS2d 392] —In a proceeding pursuant to CPLR article 78 to review a determination of the Chancellor of the Board of Education of the City of New York, dated March 15, 2000, which sustained a prior determination of the Board of Education of the City of New York, dated June 29, 1994, terminating the petitioner from his probationary position as a teacher, effective September 1, 1994, based on his unsatisfactory rating; the petitioner appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated January 3, 2001, which denied the petition and dismissed the proceeding as untimely.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul so much of the determination dated June 29, 1994, as rated the petitioner unsatisfactory and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the respondents to expunge the unsatisfactory rating from the petitioner's records.

The petitioner received an unsatisfactory rating for the 1993-1994 school year, and was notified by letter dated June 29, 1994, that he was terminated from his position as a probationary teacher, effective September 1, 1994. He pursued an administrative appeal from the unsatisfactory rating, and was notified by letter dated March 15, 2000, that the determination was upheld. On July 11, 2000, he commenced this proceeding challenging both the unsatisfactory rating and the termination.

Since a decision to terminate probationary employment is final and binding on the date the termination becomes effective, so much of the petition as challenged the termination and sought reinstatement is time barred (*see, Matter of Budihas v Board of Educ.,* 285 AD2d 549). However, as the respondents correctly concede, the petition was both timely and meritorious to the extent that it sought to annul the unsatisfactory rating (*see, Matter of Bonilla v Board of Educ.,* 285 AD2d 548; *Matter of Mateo v Board of Educ.,* 285 AD2d 552). Florio, J.P., McGinity, Luciano and Schmidt, JJ., concur.