■ PHILIPPE MOMPOINT, Appellant, v CITY OF NEW YORK et al., Respondents. [751 NYS2d 38] —In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296 and 42 USC § 1983 *et seq.,* the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 20, 2001, which granted the defendants' motion to dismiss the complaint for failure to timely serve a notice of claim and as time-barred, and denied his cross motion for leave to serve a late notice of claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the third cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff commenced this action alleging that he was fired from his position as a New York City school teacher as a result of intentional discrimination due, inter alia, to his race, and to a speech impediment. His complaint asserted three causes of action alleging violations of state and federal law.

The Supreme Court erred in dismissing the third cause of action pursuant to General Municipal Law §§ 50-e and 50-i. "[N]otice of claim requirements are inapplicable to claims pursuant to 42 USC § 1983" (*Sangermano v Board of Coop. Educ. Serv. of Nassau County,* 290 AD2d 498, 499; *see Welch v State of New York,* 286 AD2d 496; *Lopez v Shaughnessy,* 260 AD2d 551). Thus, "[t]he plaintiff's failure to file a notice of claim * * * does not require dismissal of [his] claims under 42 USC § 1983" (*Zwecker v Clinch,* 279 AD2d 572, 574).

Furthermore, the plaintiff, who was fired on his first day of work, was still a probationary teacher. It is settled that "a decision to terminate probationary employment is final and binding on the date the termination becomes effective" (*Matter of Johnson v Board of Educ. of City of N.Y.,* 291 AD2d 450; *see Matter of Budihas v Board of Educ. of City of N.Y.,* 285 AD2d 549; *Matter of Mateo v Board of Educ. of City of N.Y.,* 285

AD2d 552). The statute of limitations begins to run on the date the termination is effective (*Matter of Johnson v Board of Educ. of City of N.Y., supra*). A federal civil rights claim is a personal injury claim that is governed by the three-year statute of limitations contained in CPLR 214 (5) (*423 S. Salina St. v City of Syracuse,* 68 NY2d 474, *cert denied* 481 US 1008; *D&S Realty Dev. v Town of Huntington,* 295 AD2d 306; *Matter of Beers v Incorporated Vil. of Floral Park,* 262 AD2d 315). As the defendants concede, this action was commenced on October 15, 1999. The plaintiff's third cause of action accrued on October 17, 1997, when his employment was terminated. Thus, his third cause of action was interposed within the applicable three-year statute of limitations, and should not have been dismissed as time-barred.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Altman, Friedmann and Rivera, JJ., concur.