■ In the Matter of GLORIA BLAIZE, Respondent, v JOEL L. KLEIN et al., Appellants. [804 NYS2d 813]—

In a proceeding pursuant to CPLR article 78 to review a determination of John T. Comer in his capacity as Community Superintendent of Community School District 22, dated March 20, 2003, which reaffirmed a prior determination dated June 27,

2000, discontinuing the petitioner's probationary service as an Assistant Principal, and to review a determination of Beverly Lynch, in her capacity as Rating Officer and Principal of Community School District 22, P.S. 134, dated June 20, 2000, rating the petitioner unsatisfactory, the appeal is from an order of the Supreme Court, Kings County (Douglass, J.), dated May 12, 2004, which granted that branch of the petition which was to annul the determination dated March 20, 2003, which reaffirmed the prior determination dated June 27, 2000, discontinuing the petitioner's probationary service as an Assistant Principal.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [b] [1]; [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, that branch of the petition which was to annul the determination of John T. Comer in his capacity as Community Superintendent of Community School District 22, dated March 20, 2003, which reaffirmed the prior determination dated June 27, 2000, discontinuing the petitioner's probationary service as an Assistant Principal, is denied, that determination is confirmed, and the proceeding is dismissed insofar as it relates to that determination.

We agree with the appellants' contention that the four-month statute of limitations of CPLR 217 barred consideration of that branch of the petition which was to annul the determination of John T. Comer, in his capacity as Community Superintendent of Community School District 22, dated March 20, 2003, which reaffirmed a prior determination dated June 27, 2000, discontinuing the petitioner's probationary service as an Assistant Principal. A decision to terminate probationary employment is final and binding on the date the termination becomes effective (*see Matter of Johnson v Board of Educ. of City of N.Y.,* 291 AD2d 450 [2002]; *Matter of Budihas v Board of Educ. of City of N.Y.,* 285 AD2d 549 [2001]). In this case, the termination became effective on June 27, 2000. We note that the petitioner conceded that she was aware of it by the end of August 2000. This proceeding was commenced in July 2003. Accordingly, to the extent that the proceeding sought to challenge the termination, the proceeding clearly was time-barred.

To the extent that the parties advance arguments on this appeal regarding that branch of the petition which sought to annul the determination of Beverly Lynch, in her capacity as Rating Officer and Principal of Community School District 22, P.S. 134, dated June 20, 2000, rating the petitioner unsatisfactory,

we note that the Supreme Court has not yet addressed that branch of the petition, and it remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]). H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.