In the Matter of GERALD J. RAKIECKI, Respondent, v STATE UNIVERSITY OF NEW YORK et al., Appellants. [819 NYS2d 177]—

Lahtinen, J. Appeal, by permission, from an order of the Supreme Court (McCarthy, J.), entered March 4, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition as time-barred.

In February 2004, petitioner began a probationary period of employment as a police officer with the State University of New York at Buffalo Police Department. On June 7, 2004, respondent John M. Grela, Chief of University Police, notified petitioner both verbally and in writing that his employment would be terminated effective June 21, 2004. While petitioner reportedly turned in his badge on June 7, 2004, he remained on the payroll and returned his equipment to the firearms instructor on June 23, 2004. On October 21, 2004, he commenced this CPLR article 78 proceeding alleging, among other things, that respondents' actions were arbitrary, capricious and made in bad faith. Respondents filed a preanswer motion to dismiss the proceeding as time-barred by the four-month statute of limitations (*see* CPLR 217 [1]). Supreme Court denied the motion and directed respondents to serve an answer within 30 days. We granted respondents permission to appeal.

Respondents argue that the four-month statute of limitations began to run on June 7, 2004 and, thus, the proceeding is time-barred. In *Matter of De Milio v Borghard* (55 NY2d 216 [1982]), the Court of Appeals set forth the analysis for determining when the statute of limitations begins running for a CPLR article 78 proceeding challenging a discharge from government employment. An employee who is entitled to and receives a hearing that results in termination seeks certiorari to review and the limitations period starts on "the date the administrative determination becomes final and binding" (*id.* at 219). The remedy

of an employee entitled to, but deprived of, a hearing is in the nature of mandamus to compel and the statute runs from the date the employee's demand for reinstatement is refused (*see id.* at 220). Where, as here, a probationary employee not entitled to a hearing seeks to challenge his or her dismissal, the "remedy is by way of mandamus to review" and "the period runs from the notice of discharge, or the effective date of discharge, if later" (*id.*; *see Matter of Vasbinder v Hartnett*, 129 AD2d 894, 894-895 [1987], *lv denied* 70 NY2d 606 [1987]; *cf. Matter of Heron v City of Binghamton*, 307 AD2d 524, 525 [2003], *lv denied* 100 NY2d 515 [2003]).

We are unpersuaded by respondents' contention that *Matter of Edmead v McGuire* (67 NY2d 714 [1986]) effectively overruled *De Milio*. *Edmead* involved review of a determination by the Board of Trustees of the Police Pension Fund, which was quasi-judicial in nature, and, accordingly, in the nature of certiorari to review (*see generally* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:2, at 28). Consistent with the teaching in *De Milio* regarding a proceeding in the nature of certiorari to review, the Court held in *Edmead* that the statute of limitations commences once the aggrieved party receives notice of the final agency determination. Since *Edmead* is distinguishable and neither it nor any other Court of Appeals case expressly disapproves of the language in *De Milio* as to probationary governmental employees, we are not free to disregard *De Milio*.

We have, however, indicated that exceptional acts and circumstances accompanying a notice of termination to a probationary employee may give rise to an accrual date at the time of the notice despite remaining payroll time (*see Matter of Feldman v New York State Teachers' Retirement Sys.*, 14 AD3d 769, 769 [2005]). The record does not establish sufficient uncontested circumstances to bring this case within our holding in *Feldman* at this procedural juncture. Respondents' preanswer motion to dismiss was properly denied.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.