■ In the Matter of James Andersen, Respondent, v Joel I. Klein, as Chancellor of the New York City Board of Education, Appellant. [854 NYS2d 710]—

Judgment, Supreme Court, New York County (Paul G. Feinman, J.), entered December 8, 2006, inter alia, expunging respondent Board of Education's 2004 year-end unsatisfactory rating of petitioner probationary teacher, and directing respondent to revoke petitioner's discontinuance and implement his reinstatement, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

On June 8, 2004, petitioner's principal gave petitioner a year-end rating of unsatisfactory and recommended discontinuance of petitioner's probationary service. By letter dated October 29, 2004, respondent's Local Instructional Superintendent affirmed the discontinuance effective that day. Petitioner's time to seek judicial review of the discontinuance began to run upon his receipt of the October 29, 2004 letter, and was not postponed or tolled by the administrative review completed by the same Local Instructional Superintendent on September 16, 2005 when, after considering a March 2005 report of a three-member committee designated by the Chancellor, he reaffirmed the discontinuance (*see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 766-767 [1988]). Accordingly, the proceeding, which was commenced in January 2006, more than four months after petitioner's receipt of the October 29, 2004 letter, is time-barred to the extent it challenges the discontinuance and seeks reinstatement (*see Matter of Johnson v Board of Educ. of City of N.Y.*, 291 AD2d 450 [2002]). While respondent concedes that the proceeding is timely to the extent it challenges the June 2004 year-end unsatisfactory rating (*see id.*, citing, inter alia, *Matter of Bonilla v Board of Educ. of City of N.Y.*, 285 AD2d 548 [2001]), the rating is rationally supported by evidence that petitioner was unable to control his classroom, namely, the principal's reports of his observations of petitioner's classroom (*see generally Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.