In the Matter of GLORIA BLAIZE, Appellant, v JOEL L. KLEIN et al., Respondents. [889 NYS2d 665]—

The petitioner had been a probationary assistant principal for two years, following a career as a teacher for over 20 years, when, on June 20, 2000, she received an "unsatisfactory" performance rating (hereinafter the U-Rating determination). Subsequently, on June 27, 2000, she was discontinued as a probationary assistant principal (hereinafter the discontinuance determination). Through internal proceedings with the New York City Department of Education, the petitioner appealed the U-Rating determination and the discontinuance determination. Those determinations were both, in effect, reaffirmed in a determination dated March 20, 2003 by John T. Comer, in his capacity as Community Superintendent of Community School District 22 (hereinafter the determination dated March 20, 2003). The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the determination dated March 20, 2003. On a prior appeal, this Court held that the petitioner's challenge to so much of the determination dated March 20, 2003, as reaffirmed the discontinuance determination was time-barred, and that portion of the proceeding was dismissed (see Matter of Blaize v Klein, 23 AD3d 650 [2005]). This Court additionally noted that the Supreme Court did not address the petitioner's challenge to the U-Rating determination and, thus, that matter was still pending and undecided (id. at 652).

In a subsequent judgment, the Supreme Court held that the U-Rating determination was not arbitrary and capricious and, thus, it was properly reaffirmed in the determination dated March 20, 2003. The petitioner appeals from that judgment, and we reverse.

"Under most circumstances, judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of 105 Northgate Coop. v Donaldson*, 54 AD3d 414, 416 [2008]; *Matter of New Venture Gear Inc. v New York State Div. of Human Rights*, 41 AD3d 1265, 1266 [2007])" (*Matter of Lipani v New York State Div. of Human Rights*, 56 AD3d 560, 560-561 [2008]). However, where the sole issue presented is whether an agency complied with its own internal procedures, the appropriate standard of review is whether the determination was "made in violation of lawful procedure" (CPLR 7803 [3]; *cf. Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.*, 80 NY2d 531, 537 [1992]; *Matter of Melendez v Board of Educ. of Yonkers City School Dist.*, 34 AD3d 814, 815 [2006]; *Matter of Smith v Board of Educ., Onteora Cent. School Dist.*, 221 AD2d 755 [1995]).

It is a "fundamental administrative law principle that an agency's rules and regulations promulgated pursuant to statutory authority are binding upon it as well as the individuals affected by the rule or regulation" (*Matter of Lehman v Board of Educ. of City School Dist. of City of N.Y.*, 82 AD2d 832, 834 [1981]; *see also Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.*, 80 NY2d at 535-536). An adverse agency determination must be reversed when the relevant agency does not comply with either a mandatory provision, or one that was "intended to be strictly enforced" (*id.* at 536).

Here, several procedural errors were made in the petitioner's rating and rating appeals process. For example, the petitioner was not provided with the complete set of documents on which the U-Rating determination was based within three weeks of her challenge to the U-Rating determination, as mandated by the appeals process regulations promulgated pursuant to the Board of Education Bylaw § 5.3.4A. In fact, the hearing, which took place more than two years after the petitioner initiated the appeal process, as a consequence of waivers by the petitioner, was additionally delayed until the petitioner was provided with the documentation. Thus, the initial determination was rendered "in violation of lawful procedure" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *see also* CPLR 7803 [3]), as was so much of the determination dated March 20, 2003, as, in effect, reaffirmed the U-Rating determination (*see Matter of Bonilla v Board of Educ.*

*of City of N.Y.,* 285 AD2d 548 [2001]). Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.