(November 29, 2011)

■ In the Matter of Christopher Hazeltine, Appellant, v City of New York et al., Respondents. [933 NYS2d 265]—

Petitioner's probationary employment was terminated based on an "unsatisfactory" rating on his year-end performance review of his third year of probationary teaching. To the extent that petitioner challenges the termination, this claim is time-barred. A petition to challenge the termination of probationary

employment must be brought within four months of the effective date of termination. Further, the time to commence a proceeding challenging the termination of probationary employment is not extended by the petitioner's pursuit of administrative remedies (*see* CPLR 217 [1]; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 767 [1988]; *Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592 [2009], *lv denied* 14 NY3d 704 [2010]). Here, the effective date of petitioner's termination was August 24, 2007, the date his name was placed on the invalid/inquiry list, and his petition was not filed until November 2, 2009, more than two years after his termination.

However, and as conceded by respondents, the petition is not time-barred to the extent that it seeks review of petitioner's U-rating. The determination that petitioner's teaching performance was unsatisfactory did not become final and binding until the Chancellor denied his appeal sustaining the rating (*see Matter of Johnson v Board of Educ. of City of N.Y.*, 291 AD2d 450 [2002]).

We hold that the determination of the Chancellor that petitioner merited a U-rating, based on two incidents taking place in March and May 2007,* lacked a rational basis and was arbitrary and capricious. During the March 2007 incident, petitioner allegedly verbally berated a student and pulled her chair while she was seated in it. However, the school's parent advocate, who witnessed the incident, testified at the hearing that the student was pushing her chair towards the door when petitioner asked her to leave the classroom. When the student reached the doorway, it appeared that she would tip over the door saddle, whereupon petitioner grabbed the chair. The parent advocate further described the student and her mother as "confrontational." The parent advocate testified that the principal never asked her account of what transpired. The principal also refused to hear the accounts of other students concerning the incident, contrary to the Chancellor's regulations and school procedure, which require interviews with and written statements from all victims and witnesses as soon as practicable. Despite petitioner's concerns about this particular student, the principal nonetheless asked, on a subsequent occa-

---

* The U-rating was also allegedly based on a classroom observation made on June 14, 2007. However, petitioner denies that any such evaluation took place and no documentation of the evaluation was produced at the administrative hearing or in the article 78 proceeding, and none appears in the record. The only observation report in the record is a satisfactory rating, dated February 8, 2007, by the assistant principal, who testified on petitioner's behalf at the hearing.

sion, that petitioner "cover" a class which included the student. The assistant principal, who witnessed the conversation between petitioner and the principal, testified that the principal refused to remove the student from the classroom, despite petitioner's concerns that she might make other accusations against him. The principal told the assistant principal that "[h]e had nothing to worry about."

The procedural irregularities in this case are troublesome. The signed but undated report of investigation does not appear to have been sent to the Office of Special Investigation until May 20, 2007, nearly two months after the incident. Lines where the preparer was to indicate the date the Office of Appeal and Review was contacted, the termination date and the date the report was prepared were left blank.

During the May 2007 incident, petitioner was allegedly unable to control a class that he escorted to the cafeteria. However, the assistant principal, who shared lunchroom duties with petitioner that day and was his direct supervisor, testified that she too could not control the students at the time of the incident and that she specifically directed petitioner to seek assistance from the principal for the safety of the children. She described petitioner as "very effective" in his role as lunchroom monitor. Since the determination that petitioner's performance merited a U-rating lacked a rational basis, we hereby grant the petition to the extent it seeks to annul that determination. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Acosta and Manzanet-Daniels, JJ.