■ PHYLLIS MURIEL STEPPER, Appellant, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [963 NYS2d 168]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered June 27, 2011, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny the motion with respect to the 2008-2009 rating of "unsatisfactory," and otherwise affirmed, without costs.

The motion court correctly determined that the City of New York was an improper party to the action (*see e.g. Perez v City of New York*, 41 AD3d 378 [1st Dept 2007], *lv denied* 10 NY3d 708 [2008]). The motion court also correctly determined that to the extent plaintiff challenged the unsatisfactory rating she received following the 2007-2008 school year, those allegations were time-barred (Education Law § 3813 [2-b]). However, plaintiff's claim related to her unsatisfactory rating for the 2008-2009 school year did not accrue until she received a final decision affirming the rating, on June 28, 2010, from the interim acting director (*see Matter of Nash v Board of Educ. of the City School Dist. of the City of N.Y.*, 82 AD3d 470, 471 [1st Dept 2011], *affd* 18 NY3d 457 [2012]; *Matter of Andersen v Klein*, 50 AD3d 296, 297 [1st

Dept 2008]). Plaintiff commenced the action within one year of that date, thus satisfying the statute of limitations (*see* Education Law § 3813 [2-b]). Further, plaintiff filed a notice of claim within three months of June 28, 2010. Accordingly, we reject the Department of Education's position that, to the extent plaintiff sought to challenge the unsatisfactory rating she received in 2009, those allegations are barred as a result of her failure to file a timely notice of claim (Education Law § 3813 [1]). Concur—Tom, J.P., Mazzarelli, Saxe and DeGrasse, JJ.

The decision and order of this Court entered herein on September 27, 2012 (98 AD3d 915 [2012]) is hereby recalled and vacated (*see* 2013 NY Slip Op 66310[U] [2013] [decided simultaneously herewith]).