■ In the Matter of MATTHEW BRUNO, Appellant, v GREENVILLE FIRE DISTRICT et al., Respondents. [4 NYS3d 285]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Greenville Board of Fire Commissioners of the Greenville Fire District dated September 10, 2013, terminating the petitioner's probationary employment as a firefighter, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Zambelli, J.), dated April 3, 2014, which granted the motion of

the Greenville Fire District and the Greenville Board of Fire Commissioners of the Greenville Fire District pursuant to CPLR 7804 (f) to dismiss the petition as time-barred, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the petition.

The petitioner was employed by the Greenville Fire District (hereinafter GFD) as a probationary firefighter. On September 10, 2013, prior to completion of the probationary period, the Greenville Board of Fire Commissioners of the GFD (hereinafter the Board) voted to terminate the petitioner's probationary employment. On September 13, 2013, the Board notified the petitioner of his termination by letter, which advised the petitioner not to report for any further shifts and that his termination would be effective as of September 23, 2013.

On January 22, 2014, the petitioner commenced the instant proceeding pursuant to CPLR article 78 against the GFD and the Board (hereinafter together the respondents) to review the determination of the Board to terminate his probationary employment. The respondents moved pursuant to CPLR 7804 (f) to dismiss the proceeding as time-barred. The Supreme Court granted the motion, concluding that the challenged determination became final and binding, thereby triggering the statute of limitations, on September 13, 2013.

"[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). Where, as here, a governmental employee is not entitled to a hearing in connection with his or her discharge, the limitations period for commencing a CPLR article 78 proceeding to challenge that discharge "runs from the notice of discharge, or the effective date of discharge, if later" (*Matter of De Milio v Borghard*, 55 NY2d 216, 220 [1982]; *see Matter of Armstrong v Centerville Fire Co.*, 83 NY2d 937, 938-939 [1994]; *see also Matter of Mawn v County of Suffolk*, 17 AD3d 467, 468 [2005]; *Matter of Mateo v Board of Educ. of City of N.Y.*, 285 AD2d 552, 553 [2001]; *Matter of Levine v Board of Educ. of City of N.Y.*, 272 AD2d 328, 328-329 [2000]).

Here, although the petitioner was notified of the termination of his probationary employment by letter dated September 13, 2013, and was told not to report for further shifts, the notice set the effective termination date of the petitioner's probation-

ary employment as September 23, 2013. Accordingly, applying the foregoing case law, the statute of limitations began to run on September 23, 2013. Contrary to the Supreme Court's conclusion, we do not read the bare reference in *Kahn v New York City Dept. of Educ.* (18 NY3d 457, 472 [2012]) to the petitioners' "last day at work" as intended to change or clarify the rule set forth in *Matter of De Milio v Borghard* (55 NY2d at 220).

Accordingly, the respondents' motion to dismiss the proceeding as time-barred should have been denied since the proceeding was commenced within the four-month statute of limitations. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.