Matter of Alleyne v Department of Educ. of the City of N.Y. (2019 NY Slip Op 07321)





Matter of Alleyne v Department of Educ. of the City of N.Y.


2019 NY Slip Op 07321


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10030 155511/17

[*1] In re Crystal Alleyne, Petitioner-Appellant,
v
The Department of Education of the City of New York, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Daniel E. Dugan of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 16, 2018, which denied the petition seeking to annul respondents' determination effective June 27, 2016, terminating petitioner's probationary employment, and granted respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The article 78 petition was untimely filed. The effective date of petitioner's termination was June 27, 2016, and she had until October 27, 2016 to challenge respondents' determination, but commenced this article 78 proceeding on June 16, 2017 (see CPLR 217[1]); Matter of Andersen v Klein, 50 AD3d 296 [lst Dept 2008]; Todras v City of New York, 11 AD3d 383, 384 [lst Dept 2004]). The record shows that petitioner was dismissed due to an unsatisfactory performance rating and because, inter alia, of her failure to immediately notify her supervisor of her arrest — not due to the arrest itself, as she claims. Thus, petitioner's argument that the statute of limitations was tolled until the criminal charges against her were dismissed is unavailing (see Matter of Kahn v New York Dept. of Education 18 NY3d 457, 472 [2012]).
In any event, petitioner's failure to timely notify respondents of her arrest, in violation of DOE regulations provides a good faith basis for terminating her employment (see Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]; Matter of Cardo v Murphy, 104 AD2d 884 [2d Dept 1984]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK