Matter of Turcsik v Griffin (2020 NY Slip Op 05347)





Matter of Turcsik v Griffin


2020 NY Slip Op 05347


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


462 CA 19-01355

[*1]IN THE MATTER OF MELANIE TURCSIK, PETITIONER-APPELLANT,
v
PHILLIP GRIFFIN, AS EXECUTIVE DIRECTOR OF THE ROCHESTER PSYCHIATRIC CENTER, NEW YORK STATE OFFICE OF MENTAL HEALTH, RESPONDENT-RESPONDENT. 






CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JENNIFER L. CLARK OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered July 19, 2019 in a CPLR article 78 proceeding. The judgment granted respondent's motion to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and respondent is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.
Memorandum: On July 19, 2018, petitioner was hired as a probationary employee at the Rochester Psychiatric Center (RPC). On January 22, 2019, petitioner received a notice that her probationary employment was being terminated "Wednesday, January 29, 2018 [sic], effective at the close of business." There is no dispute that the correct effective date of the termination was supposed to be January 29, 2019. Petitioner commenced this proceeding challenging her termination on May 23, 2019, which is four months and one day after the notice of termination but within four months of the effective date of the termination. Respondent, who is represented by the Attorney General, moved to dismiss the petition, contending that petitioner failed to serve the Attorney General as required by CPLR 7804 (c) and that the proceeding was time-barred under CPLR 217 (1). It is undisputed that petitioner timely served the RPC on June 3, 2019, but did not serve the Attorney General until June 19, 2019, i.e., within two days of the motion to dismiss. Supreme Court granted respondent's motion on both grounds. We now reverse.
As respondent correctly concedes, the time for service upon the Attorney General was tolled following service upon the RPC and, as a result, the late service upon the Attorney General does not impede this proceeding if we ultimately determine that the proceeding is not time-barred under CPLR 217 (see Matter of Chem-Trol Pollution Servs. v Ingraham, 42 AD2d 192, 193-194 [4th Dept 1973], lv denied 33 NY2d 516 [1973]; see also Matter of Troy v Sobol, 216 AD2d 661, 662 [3d Dept 1995]).
We agree with petitioner that the statute of limitations began to run on the effective date of the termination (see Matter of De Milio v Borghard, 55 NY2d 216, 220 [1982]; Matter of Bruno v Greenville Fire Dist., 125 AD3d 961, 962 [2d Dept 2015]; Matter of Rakiecki v State Univ. of N.Y., 31 AD3d 1015, 1016 [3d Dept 2006]; see also Matter of Armstrong v Centerville Fire Co., 83 NY2d 937, 939 [1994]) and, as a result, the proceeding is not time-barred. Matter of Edmead v McGuire (67 NY2d 714, 716 [1986]), upon which respondent relies, does not require a different result. In Edmead, the Court of Appeals stated that, "where the [administrative] determination is unambiguous and its effect certain, the statutory period commences as soon as the aggrieved party is notified" (id.). That case, however, involved a [*2]proceeding to challenge an involuntary retirement (see id.), which is "in the nature of certiorari to review" (Matter of Lynch v New York City Employees' Retirement Sys., 103 AD2d 695, 697 [1st Dept 1984, Silverman and Milonas, JJ., dissenting], revd for the reasons stated in the dissenting op 64 NY2d 1103 [1985]; see generally Matter of Balash v New York City Employees' Retirement Sys., 34 NY2d 654, 655-656 [1974]). This proceeding, involving the termination of a probationary employee, is in the nature of mandamus to review (see Di Milio, 55 NY2d at 220) and, as a result, Di Milio is still good and controlling law (see Rakiecki, 31 AD3d at 1016; see also Bruno, 125 AD3d at 962).
Relying on Di Milio, we conclude that the statute of limitations must be measured from the effective date of petitioner's termination, which was January 29, 2019. As a result, this proceeding, which was commenced on May 23, 2019, was timely commenced within the four-month statute of limitations (see CPLR 217 [1]). We therefore reverse the judgment, deny respondent's motion, reinstate the petition and grant respondent 20 days from service of the order of this Court with notice of entry to serve and file an answer.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court