Blaize v New York City Dept. of Educ. (2022 NY Slip Op 03224)





Blaize v New York City Dept. of Educ.


2022 NY Slip Op 03224


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-09318
 (Index No. 503801/18)

[*1]Gloria Blaize, appellant, 
v
New York City Department of Education, respondent, et al., defendant.


Ballon Stoll Bader & Nadler, P.C., New York, NY (Marshall B. Bellovin of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Diana Lawless of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated June 14, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant New York City Department of Education which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract insofar as asserted against it and, in effect, denied, as academic, the plaintiff's cross motion for leave to amend the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was employed as a probationary assistant principal for the defendant New York City Department of Education (hereinafter the DOE) from 1998 to 2000, following a career as a teacher for more than 20 years. On June 20, 2000, the plaintiff received an unsatisfactory rating (hereinafter the U-rating) for her performance as an assistant principal. On June 27, 2000, the plaintiff was discontinued as a probationary assistant principal . In August 2000, the plaintiff learned that she had been demoted to a teaching position.
Through internal proceedings with the DOE, the plaintiff appealed the U-rating and her discontinuance as a probationary assistant principal. The determinations related to the plaintiff's U-rating and discontinuance were both, in effect, reaffirmed in a determination dated March 20, 2003, by John T. Comer, in his capacity as Community Superintendent of Community School District 22.
Thereafter, the plaintiff commenced a CPLR article 78 proceeding to review the determination dated March 20, 2003, arguing, inter alia, that she had not timely received documentation supporting her U-rating and that the determination to discontinue her as a probationary assistant principal was arbitrary and capricious. On appeal, this Court determined that the plaintiff's challenge to so much of the determination dated March 20, 2003, as, in effect, reaffirmed the determination to discontinue her as a probationary assistant principal was time-barred, and that portion of the proceeding was dismissed (see Matter of Blaize v Klein, 23 AD3d 650). However, this Court noted that the Supreme Court had not addressed the plaintiff's challenge to the U-rating and, thus, that branch of the petition remained pending and undecided (see id. at 652).
The Supreme Court subsequently determined that the U-rating determination was not [*2]arbitrary and capricious, and that the determination dated March 20, 2003, properly, in effect, reaffirmed the U-rating determination. In a decision and order dated December 1, 2009, this Court reversed, finding that several procedural errors were made in the plaintiff's rating and rating appeals process (see Matter of Blaize v Klein, 68 AD3d 759, 761). Accordingly, this Court annulled so much of the determination dated March 20, 2003, as, in effect, reaffirmed the U-rating determination (see id. at 760).
The plaintiff alleges that notwithstanding this Court's December 1, 2009 decision and order, the DOE failed to remove the U-rating from her file for a "protracted period of time," thereby effectively preventing her from being reinstated as an assistant principal. In April 2011, the plaintiff retired. She alleges that her retirement benefits, which were calculated based on the average salary of her last three years of service, were lower because she had not been reinstated to the position of assistant principal.
In September 2011, the plaintiff wrote a letter to the DOE requesting the removal of the U-rating from her file, and the U-rating was removed from her file in September or October 2011. In a letter to the DOE dated August 14, 2015, the plaintiff demanded that she be paid for the difference between what she was paid as a teacher and the sum she should have been paid as an assistant principal. In a letter dated August 25, 2015, the DOE rejected her request.
On November 16, 2015, the plaintiff served a notice of claim on the DOE, alleging breach of contract with respect to the DOE's "protracted" failure to remove the U-rating from her file and failure to reinstate her to the position of assistant principal. On February 23, 2018, the plaintiff commenced this action against the DOE and another defendant, inter alia, to recover damages for breach of contract. The plaintiff subsequently filed an amended complaint.
The DOE moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, contending, inter alia, that the notice of claim was untimely and that this action was barred by the one-year statute of limitations applicable under Education Law § 3813(2-b). The plaintiff cross-moved for leave to amend the amended complaint. In an order dated June 14, 2019, the Supreme Court granted the DOE's motion and, in effect, denied the plaintiff's cross motion as academic. The plaintiff appeals from so much of the order as granted that branch of the DOE's motion which was to dismiss the cause of action alleging breach of contract insofar as asserted against it and, in effect, denied the plaintiff's cross motion as academic.
The Supreme Court properly granted that branch of the DOE's motion which was to dismiss the breach of contract cause of action insofar as asserted against it for failure to serve a timely notice of claim and as time-barred. "The requirement of Education Law § 3813(1) that a notice of claim be served upon a school district in an action arising from a contract within three months from accrual of the claim is a condition precedent to maintaining such action" (Consolidated Constr. Group, LLC v Bethpage Union Free School Dist., 39 AD3d 792, 794). Further, an action based on the notice of claim must be commenced within a one-year statue of limitations (see Education Law § 3813[2-b]). "Claims arising out of a breach of contract accrue when 'payment for the amount claimed was denied'" (School Aid Specialists, LLC v Board of Educ. of Warwick Val. Cent. Sch. Dist., 130 AD3d 1006, 1006, quoting Education Law § 3813[1]). "A denial of payment is only deemed to occur 'upon an explicit refusal to pay' or when a party should have viewed its claim as having been constructively rejected" (School Aid Specialists, LLC v Board of Educ. of Warwick Val. Cent. Sch. Dist., 130 AD3d at 1006, quoting Oriska Ins. Co. v Board of Educ., Richfield Springs Cent. School Dist., 68 AD3d 1190, 1191). Here, the DOE established that the plaintiff's claim was constructively rejected more than three months before the plaintiff served the notice of claim and more than one year before the commencement of this action (see Clemens Realty, LLC v New York City Dept. of Educ., 47 AD3d 666, 666; James McCullagh Co., Inc. v South Huntington Union Free School Dist., 39 AD3d 480, 481; Alfred Santini & Co. v City of New York, 266 AD2d 119, 120; Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs., 258 AD2d 434, 435; see also Blaze v New York City Dept. of Educ., 112 AD3d 428, 428; cf. Mitchell v Board of Educ. of City School Dist. of City of N.Y., 15 AD3d 279, 280).
Contrary to the plaintiff's contention, the continuing wrong doctrine is inapplicable. That doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (Selkirk v State of New York, 249 AD2d 818, 819; 
see Matter of [*3]Salomon v Town of Wallkill, 174 AD3d 720, 721; Peckham v Island Park Union Free Sch. Dist., 167 AD3d 641, 642). "The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs" (Henry v Bank of Am., 147 AD3d 599, 601 [internal quotation marks omitted]; see Matter of Salomon v Town of Wallkill, 174 AD3d at 721). Here, the continuing payment to the plaintiff of a pension under a teacher salary instead of under a higher assistant principal salary is predicated entirely on the alleged wrong of the failure to reinstate her as an assistant principal after her U-rating should have been removed, and thus, the continuing wrong doctrine does not apply (see Matter of Salomon v Town of Wallkill, 174 AD3d at 721; Henry v Bank of Am., 147 AD3d at 602).
In light of the foregoing, the Supreme Court properly, in effect, denied, as academic, the plaintiff's cross motion for leave to amend the amended complaint (see Carpenito v Linksman, 197 AD3d 553; Plaza Invs. v Capital One Fin. Corp., 165 AD3d 853, 854).
We need not reach the plaintiff's remaining contentions in light of our determination.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court